IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 9 2011

CLERK, U.S. DISTRICT COURT
by_____
Deputy

6980 CATAMARAN FAMILY TRUST,      §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:11-CV-801-A
                                  §
JP MORGAN CHASE BANK, N.A.,       §
                                  §
          Defendant.              §

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action.  Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On October 31, 2011, the above-captioned action was initiated by plaintiff, 6980 Catamaran Family Trust, against defendant, JPMorgan Chase Bank, N.A.,[1] in the District Court of Tarrant County, Texas, 352nd Judicial District.  By notice of

---

[1]Defendant contends it was improperly named in the state court petition as JP Morgan Chase Bank, N.A., and JP Morgan Chase Bank National Association, successor by merger to Chase Home Finance LLC.  The court will use defendant's correct name herein.

removal filed November 10, 2011, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

As the basis for the amount in controversy, defendant relied on the oft-cited proposition that in actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Notice of Removal at 2-3 (citing Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)). Defendant further alleged that plaintiff was asking the court to "completely invalidate the mortgage lien, recorded in the amount of $205,822." Id. at 3. Thus, according to defendant, this amount, as well as the fact that the property at issue had a fair market value of $205,600, demonstrated that the amount in controversy exceeded $75,000.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on

2

November 28, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995).

Any doubts about whether removal jurisdiction is proper must

therefore be resolved against the exercise of federal

jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th

Cir. 2000).

     To determine the amount in controversy, the court ordinarily

looks to the plaintiff's state court petition.  Manguno, 276 F.3d

at 723.  If it is not facially apparent from the petition that

the amount in controversy exceeds the required amount, the

removing party must set forth summary judgment-type evidence,

either in the notice of removal or in an affidavit, showing that

the amount in controversy is, more likely than not, greater than

$75,000.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335

(5th Cir. 1995).  The amount in controversy is measured from the

perspective of the plaintiff.  See Garcia v. Koch Oil Co. of

Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

                              III.

                The True Nature of Plaintiff's Claims

     The petition by which plaintiff initiated this action in the

                                4

state court does not specify a dollar amount of recovery sought,
nor does it define in any way the value of the right sought to be
protected or the extent of the injury sought to be prevented.
Thus, as the court has been required to do in other cases of this
kind, the court has undertaken an evaluation of the true nature
of plaintiff's claims.  Having done so, and having considered the
authorities and arguments cited by defendant in the amended
notice of removal, the court remains unpersuaded that the amount
in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal, defendant relies on
plaintiff's allegations that there is "no debt to be secured by
the deed of trust" and that "Defendants never had a secured debt
. . . as the invalid Deed of Trust . . . was not enforceable."
Am. Notice of Removal at 3.  It appears that defendant has taken
these statements out of context.  While those words appear in the
petition, the basis of plaintiff's allegations is that it does
not believe defendant to be the holder of the note.  Absent
status as the holder, plaintiff contends that defendant cannot
"non-judicially enforce[]" the note or deed of trust.  <u>Id.</u>, Ex.

A2 at 3.  Plaintiff recognizes, however, that enforcement may be
effected through judicial proceedings.  <u>Id.</u>  In the prayer for
relief, plaintiff does not, as defendant contends, ask the court
to completely invalidate the mortgage lien.  While plaintiff asks
the court to declare the foreclosure sale void, it also
recognizes that defendant may have an enforceable interest in the
property, because plaintiff asks the court to enjoin defendant
from taking action against the property "so long as plaintiff
makes the agreed payments and otherwise complies with his
obligations to defendant."  <u>Id.</u>, Ex. A2 at 6. Thus, the court
finds defendant's first argument does not support its claims as
to the amount in controversy.

Defendant also relies on <u>Waller v. Professional Insurance
Corporation</u>, 296 F.2d 545, 547-48 (5th Cir. 1961), and attempts
to distinguish this court's discussion of <u>Waller</u> in <u>Ballew v.
America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D.
Tex. Mar. 14, 2011).  However, the court finds defendant's
arguments unpersuasive.

The court finds that defendant has not proven by a

6

preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs.  Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED December 9, 2011.

_____

JOHN McBRIDE
United States District Judge

7